UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRITNEY GOOCH, THOMAS IMPASTATO,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>LAS VEGAS BISTRO, LLC,<br><br>　　　　　Defendant. | Case No. 2:14-cv-02189-APG-PAL<br><br>**ORDER SETTING ASIDE DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>(Dkt. ##9, 13) |

　　　　Plaintiffs' complaint alleges federal and state law claims arising from their former employment with defendant. Plaintiffs served the complaint and summons upon defendant's registered agent, but defendant did not file an answer or other response. On February 6, 2015, the clerk entered default against defendant.[1] Plaintiffs now move for default judgment,[2] and defendant moves to set aside the default.[3]

　　　　Good cause exists to set aside the default. There is no apparent prejudice to plaintiffs, the defendant is not culpable in the default and the defendant has raised potential meritorious defenses to plaintiffs' claims. But I condition the set aside of the default on the defendant's payment to plaintiffs of the reasonable attorney's fees and costs incurred in connection with obtaining the default and opposing the motion to set aside.

---

[1] (Dkt. #8.)

[2] (Dkt. #9.)

[3] (Dkt. #13).

## I.  DISCUSSION

I may "set aside an entry of default for good cause."[4] To determine "good cause," I "consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether [he] had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."[5] This standard is disjunctive—a finding that any these factors is true is sufficient for me to refuse to set aside the default.[6]

"Crucially . . . judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."[7] "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside."[8]

### A.  Culpable conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer."[9] "Intentionally," in this context, means the defendant acted in bad faith to take "advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process."[10]

---

[4] Fed. R. Civ. P. 55(c).

[5] *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quotations omitted).

[6] *Id.*

[7] *Id.* at 1091.

[8] *Id.* (citations omitted).

[9] *Ashford*, 657 F.2d at 1055.

[10] *Id.*

Plaintiffs properly served defendant's resident agent with the summons and complaint. But apparently the resident agent sent the documents to the wrong client.[11] The defendant has provided multiple declarations attesting to the system normally employed to track lawsuits, and the breakdown that occurred in this case. There is no indication the defendant benefited, or hoped to benefit, from waiting to engage counsel and proceed with its defense. Indeed, defendant actively participated in the EEOC investigation and proceedings that preceded this lawsuit. Its negligent failure to respond is not culpable conduct for purposes of Rules 55 and 60.[12]

### B.   Meritorious defenses

To satisfy the meritorious defense requirement, a defendant must allege sufficient facts that, if true, would constitute a meritorious defense.[13] I need not determine whether those factual allegations are true at this stage.[14] "[W]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits."[15]

The defendant appears to have meritorious defenses to plaintiffs' claims. Defendant contends that plaintiff Gooch had a long history of work-related problems, including leaving her job post without permission to chase two customers outside the building, and that she failed to return to work after that incident.[16] Defendant contends that plaintiff Impastato was fired for poor

---

[11] (Dkt. # 3:16-7:9.)
[12] *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091.
[13] *Id.*
[14] *Id.*
[15] *Schwab v. Bullock's Inc.,* 508 F.2d 353, 355 (9th Cir. 1974).
[16] (Dkt. #13 at 2:26-3:4.)

job performance and that his allegations in the complaint are rebutted by the facts.[17] Thus, resolving doubts in favor of the defendant, there appear to be potentially meritorious defenses to plaintiffs' claims.

### C. Prejudice to plaintiffs

"To be prejudicial, the setting aside [of the default] . . . must result in greater harm than simply delaying resolution of the case."[18] Rather, the question is whether plaintiffs will be hindered in their ability to pursue their claim.[19] Plaintiffs contend that since entry of default their attorneys have been "working diligently to gather information, provide evidentiary bases for asserted damages, and prepare Plaintiffs' Application for Entry of Default Judgment."[20] But most of that work would be necessary regardless of the default because plaintiffs must prove their allegations and present evidentiary bases for their damages if they hope to prevail at trial. Plaintiffs fail to provide any authority or analysis suggesting that they have been prejudiced aside from being delayed. And delay is not enough. Most importantly, plaintiffs fail to identify how they will be hindered in pursuing their claims if I set aside the default.[21]

### D. Conclusion

All three factors weigh in favor of setting aside the default. There is no evidence the defendant acted in bad faith, it has raised potentially meritorious defenses, and I see no prejudice to plaintiffs. Given that default is a drastic and disfavored measure, I set it aside.

---

[17] (*Id.* at 4:5-13.)

[18] *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001).

[19] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

[20] (Dkt. #15 at 10:16-18 and 11:23-26.)

[21] *TCI Grp. Life Ins. Plan*, 244 F.3d at 701.

However, I have wide discretion to condition the setting aside of a default upon the defendant's payment of the plaintiffs' attorneys' fees and costs.[22] It is unfair to force plaintiffs to bear the expense of litigating the default and the motion to set aside. Thus, I am conditioning the set aside upon the defendant's payment of plaintiffs' reasonable attorney's fees and costs incurred in obtaining the default and opposing the motion to set aside. In their opposition, plaintiffs seek to recover all of the fees and costs incurred in connection with this lawsuit.[23] Plaintiffs overreach. They would have incurred most of the requested costs and fees even if defendant timely answered the complaint. Thus, plaintiffs shall submit an affidavit and appropriate documentation supporting the fees and costs incurred in connection with obtaining the default and opposing the motion to set aside the default.

## II.  CONCLUSION

IT IS THEREFORE ORDERED that defendant's motion to set aside default **(Dkt. #13) is GRANTED**.

IT IS FURTHER ORDERED that the plaintiffs' motion for entry of default judgment **(Dkt. #9) is DENIED AS MOOT**.

IT IS FURTHER ORDERED that the clerk's entry of default **(Dkt. #8) is VACATED**. However, this relief is conditioned upon defendant reimbursing plaintiffs for attorneys' fees and costs in an amount I will determine. Within 14 days of entry of this Order, plaintiffs shall submit an affidavit and appropriate documentation supporting a request for attorneys' fees and costs incurred in connection with obtaining the default and opposing the motion to set aside default. Defendant will have 14 days thereafter to file any opposition to the requested amount.

---

[22] *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988).

[23] (Dkt. #15 at 11:17-20; Dkt. ##10, 11.)

IT IS FURTHER ORDERED that defendant shall file an answer or other response to the complaint no later than 14 days after the entry of this Order. However, if defendant does not pay plaintiffs' fees I subsequently award, I may strike its answer and reinstate default.

DATED this 14th day of September, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE