UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRITNEY GOOCH, THOMAS IMPASTATO,

Plaintiffs,

v.

LAS VEGAS BISTRO, LLC,

Defendant.

Case No. 2:14-cv-02189-APG-PAL

**ORDER AWARDING FEES AND COSTS INCURRED IN CONNECTION WITH DEFAULT**

On September 14, 2015, I set aside the default that had been entered against the defendant. (Dkt. #18.) I conditioned the set aside upon the defendant's payment of the plaintiffs' reasonable attorney's fees and costs incurred in obtaining the default and opposing the motion to set aside. (*Id.*) I denied the plaintiffs' request for their full fees and costs because they would have incurred many of those expenses even if the defendant had timely answered the complaint. Subsequently, plaintiffs filed an Affidavit revising their request for fees and costs (Dkt. #19), which defendant opposed (Dkt. #28).

I have reviewed the Affidavit and attached billing records. Plaintiffs charge $225.00 per hour for paralegal work, which I find higher than the average for this community. I will allow reimbursement for paralegal time at the rate of $175.00 per hour. Plaintiffs charge $275 per hour for work performed by Katherine Frank, calling her a "law clerk." (Dkt. #19 at 3, 14.) But plaintiffs do not explain what that means. It is unclear whether Ms. Frank has graduated from law school—and thus may have more legal expertise than a paralegal—or whether she is more akin to an intern with less expertise than a paralegal. Thus, it is difficult to evaluate her hourly rate. Because plaintiffs have not supplied sufficient information to justify her $275 hourly rate, I will

allow reimbursement for her time at the paralegal rate of $175.00 per hour. Moreover, the plaintiffs' request to recover fees for 40.2 hours of work by Ms. Frank on their opposition to the motion to set aside default is too high.

The plaintiffs are entitled to recover for some of their fees and costs incurred in connection with their motion for default judgment and related reply. Some of those tasks would not have been incurred but for the defendant's failure to timely respond. Accordingly, I award the following fees:

**Default**

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| CMB | .7 | $175 | $122.50 |

**Application for Default Judgment**

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| KLB | 20 | $325 | $6,500.00 |
| CMB | .9 | $175 | $157.50 |

**Opposition to Motion to Set Aside**

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| KEF | 20 | $175 | $3,500.00 |
| NDV | .8 | $175 | $140.00 |

///

///

///

///

**Reply to Application for Default Judgment**

| **Timekeeper** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| KEF | 6.9 | $175 | $1,207.50 |
| NDV | .4 | $175 | $70.00 |
| JAG | 2.0 | $375 | $750.00 |

**TOTAL FEES AWARDED:** **$12,447.50**

Plaintiffs also request that they be awarded $83.65 in costs. Those costs appear reasonable and related to defendant's failure to timely answer. Thus, that request is approve.

IT IS THEREFORE ORDERED that defendant shall pay to plaintiffs $12,447.50 in fees and $83.65 in costs within 30 days of entry of this Order. If defendant does not pay that amount by that deadline, I may strike its answer and reinstate default.

DATED this 3rd day of December, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE